Edward Blum
P.O. Box 1829
Sun City, AZ 85372
623-499-1200

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EDWARD BLUM,<br><br>               Plaintiff,<br><br>vs.<br><br>MARGARET M. KEANE, SYNCHRONY FINANCIAL/SYNCHRONY BANK, MARK PRIOR, NORMAN (NORM) MILLER, CONN'S HOME PLUS,<br><br>               Defendants. | CASE NO.: 2:17-cv-01345-GMS<br><br>CIVIL COMPLAINT<br>(Second Amended) |

SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, and for his causes of action against the Defendants, alleges and states the following:

JURISDICTION

Plaintiff EDWARD BLUM (Hereinafter, "Plaintiff", "Edward Blum", "Mr. Blum") is a resident of Maricopa County.

Defendant MARGARET M. KEANE (Hereinafter, "Defendant Keane") is the Chief Executive Officer and President of Synchrony Financial/Synchrony Bank.

Synchrony Financial/Synchrony Bank is headquartered at 777 Long Ridge Rd., Stamford, CT 06902.

Defendant MARK PRIOR (Hereinafter, "Defendant Prior") is Vice President, General Counsel and Corporate Secretary at Conn's.

Defendant NORMAN (NORM) MILLER (Hereinafter, "Defendant Miller") is the Chief Operating Officer of Credit & Collections at Conn's.

Conn's is located at 4055 Technology Forrest Blvd., Suite 210; The Woodlands, TX 77381.

This Court has diversity jurisdiction in that the parties in this case are in different states and that Plaintiff is seeking unspecified actual damages in excess of $75,000.00, exclusive of costs and expenses, and also seeks unspecified punitive and exemplary damages in excess of $75,000.00 exclusive of interests and costs, along with court costs and any further relief that the Court deems just.

## COMPLAINT

1. Defendant Keane, Chief Executive Officer and President of Synchrony Financial/Synchrony Bank, illegally obtained Plaintiff's credit report on October 22, 2016. Plaintiff did not give Defendant Keane permission to access his personal credit history report, nor was Defendant Keane under any statutory exception. Defendant Keane obtained Plaintiff's social security number and credit report in violation of Federal Law. On October 22, 2016, Defendant Kean, under false pretenses, intentionally obtained information about Plaintiff without his permission and, the information Defendant Keane obtained was a file of a consumer from a consumer reporting agency, that is Equifax, Experian and TransUnion. The hard inquiry was made without Plaintiff's knowledge or consent in violation of the Fair Credit Reporting Act (FCRA).

Defendant Keane's actions also caused a decrease to Plaintiff's FICO credit score in that one of the main factors that impact a credit score is hard inquiries — credit inquiries generally make up 10% of the points in a credit score.

2. Synchrony Bank/Synchrony Financial, headquartered at 777 Long Ridge Rd., Stamford, CT 06902 is liable under respondeat superior or vicarious liability which holds that an employer

may be liable for damages arising from an employee's wrongful/tortious acts committed within the scope of employment. Liability can be imposed for both negligent and intentional acts of employees. Defendant Keane was actively employed by Synchrony Bank/Synchrony Financial and the illegal act occurred within the scope of employment. See, *Blum v. Yvette Grey, Robert Van Wycke, State Bar of Arizona, 2006-cv-02063-NVW.*

3. Defendant Prior, Vice President, General Counsel and Corporate Secretary at Conn's, Inc., illegally obtained Plaintiff's credit report at least three (3) times without Plaintiff's knowledge or consent. The three (3) hard inquiries were made on April 8, 2015, September 1, 2015, and February 19, 2016. These inquiries were made without Plaintiff's knowledge or consent in violation of the FCRA. Plaintiff did not give Defendant Prior permission to access his personal credit history report, nor was Defendant Prior under any statutory exception. These hard inquiries significantly lowered Plaintiff's FICO credit score in that one of the main factors that impact a credit score is hard inquiries — credit inquiries generally make up 10% of the points in a credit score.

Also, on October 22, 2016, Defendant Prior illegally gave to Defendant Keane Plaintiff's social security number and personal information without Plaintiff's consent or knowledge so that Defendant Keane could obtain information about Plaintiff without his permission and, the information Defendant Keane obtained was a file of a consumer from a consumer reporting agency.

4. Defendant Miller, the Chief Operating Officer of Credit & Collections at Conn's, Inc., illegally obtained Plaintiff's credit report at least three (3) times without Plaintiff's knowledge or consent. The three (3) hard inquiries were made on April 8, 2015, September 1, 2015, and February 19, 2016. These inquiries were made without Plaintiff's knowledge or consent in

violation of the FCRA. Plaintiff did not give Defendant Miller permission to access his personal credit history report, nor was Defendant Miller under any statutory exception. These hard inquiries significantly lowered Plaintiff's FICO credit score in that one of the main factors that impact a credit score is hard inquiries — credit inquiries generally make up 10% of the points in a credit score.

Also, on October 22, 2016, Defendant Miller illegally gave to Defendant Keane Plaintiff's social security number and personal information without Plaintiff's consent or knowledge so that Defendant Keane could obtain information about Plaintiff without his permission and, the information Defendant Keane obtained was a file of a consumer from a consumer reporting agency.

5. Defendants Keane, Prior and Miller, intentionally, under false pretenses, aided and abetted one another to illegally obtain Plaintiff's without his permission and, the defendants were not acting under any statutory exception. The information Defendants obtained was a file of a consumer from a consumer reporting agency. The credit inquiries were made without Plaintiff's knowledge or consent in violation of the FCRA. The unprovoked hard credit inquiries significantly lowered Plaintiff's FICO credit score. Each unprovoked hard credit inquiry will remain on Plaintiff's credit report for approximately two (2) years.

6. Conn's Home Plus, located at 4055 Technology Forrest Blvd., Suite 210; The Woodlands, TX 77381, is liable under respondeat superior or vicarious liability which holds that an employer may be liable for damages arising from an employee's wrongful/tortious acts committed within the scope of employment. Liability can be imposed for both negligent and intentional acts of employees.

Defendants Prior and Miller were both actively employed by Conn's Home Plus and their illegal acts occurred within the scope of employment.

7. A "hard inquiry" is created when a person is actively trying to secure new credit. Plaintiff did not apply for or attempt to secure credit from Synchrony Bank or Conn's on or about any of the dates set forth above.

## RELIEF REQUESTED

Plaintiff requests a trial by jury at the Court's earliest convenience.

Plaintiff Edward Blum requests that the Court grant the following relief to him:

Compensatory damages in the amount of Three Hundred Seventy Five Thousand Dollars ($375,000.00) personally and collectively; Punitive damages in the amount of Three Hundred Seventy Five Thousand Dollars ($375,000.00) personally and collectively; Court Costs and all costs incurred pretrial, during trial, and post trial and; any other relief this Court deems appropriate.

Dated this 30th day of June, 2017.

_____
Edward Blum, pro se Plaintiff