IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Edward Blum,

Plaintiff,

v.

Margaret M. Keane, et al.,

Defendants.

No. CV-17-01345-PHX-GMS

**ORDER**

On June 8, 2017, the Court dismissed Plaintiff's First Amended Complaint with leave to amend. Plaintiff has filed a Second Amended Complaint. The Court will screen Plaintiff's Second Amended Complaint Pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. Pursuant to that screening Plaintiff's Second Amended Complaint is dismissed.

## I. Screening Complaint Under 28 U.S.C. § 1915(e)(2)

An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court treats the original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Thus, the Court will consider only those claims raised in the Second Amended Complaint against only those defendants named in the Second Amended Complaint.

/ / /

## II. Second Amended Complaint

### A. Subject Matter Jurisdiction

#### i. Federal Question

The Court has subject matter jurisdiction over cases involving *federal questions* pursuant to 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's Second Amended Complaint again fails to state a claim on which relief may be granted under the Fair Consumer Reporting Act. While there are marked differences between the First Amended Complaint and Second Amended Complaint, shortened factual allegations and paraphrasing were not the changes necessary to remedy the defects of the First Amended Complaint. Section 1681s–2(b) of the Fair Consumer Reporting Act provides a private right of action, but only if a consumer contacts the credit reporting agency directly to dispute a potential violation of his privacy. Upon receiving notice from a concerned consumer, a credit reporting agency is required to inform the furnisher that the consumer is disputing the accuracy of his information. § 1681s–2(b)(1). The furnisher is then obligated to conduct an investigation, review any relevant information, report the results of the investigation, and remove any inaccurate information from the credit report. § 1681s–2(b)(1)(A)–(E). However, Plaintiff does not make the necessary allegations that he has shared his concerns with the credit reporting agency, and that the credit reporting agency, the furnisher, or any of the named defendants failed to thereafter properly investigate the matter.

#### ii. Complete Diversity

The Court has diversity jurisdiction over cases between citizens of different states involving claims greater than $75,000 pursuant to 28 U.S.C. § 1332, which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity between the parties. *See, e.g.*, *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In other words, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. *Id.* In determining the existence of diversity jurisdiction, "corporations are citizens of the state where they are incorporated and the state where they have their principle place of business." *Tosco Corp.*, 236 F.3d at 499.

This Court does not have diversity jurisdiction over Plaintiff's state law claims. Plaintiff's Second Amended Complaint, when read broadly, does not support relief under the state law theories of aiding and abetting tortious conduct or respondeat superior. Plaintiff has not provided any factual allegations that indicate Margaret Keane ("Keane"), Mark Prior ("Prior"), or Norman Miller ("Miller") committed any tortious act against Plaintiff. Thus, Plaintiff's complaint is not supported by facts that would raise his claim above a speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, it is unclear that there is complete diversity between the parties. Plaintiff alleges that Synchrony Bank/Synchrony Financial ("Synchrony") is headquartered in Connecticut and Conn's Home Plus ("Conn's") is headquartered in Texas. (Doc. 15 at 1–2.) Plaintiff alleges that Keane is employed as the Chief Executive Officer and President of Synchrony. (Doc. 15 at 2.) Plaintiff also alleges that Prior is employed as Conn's Vice President, General Counsel, and Corporate Secretary, and Miller is employed as Conn's Chief Operating Officer of Credit & Collections. (Doc. 15 at 1–2, 4.) However, Plaintiff has failed to establish from which states Keane, Prior, and Miller are citizens. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (noting 28 U.S.C. § 1332 speaks of citizenship, not residency, and that a person that resides in a particular state is not necessarily a citizen of that state). Because it is unclear that this is a case between citizens of different states, this Court lacks diversity jurisdiction. *See Tosco Corp. v. Cmty. for a Better Env't*, 236 F.3d 495, 502 (9th Cir. 2001) (affirming district court's dismissal of case involving malicious prosecution, libel, and slander causes of action because complete diversity did not exist).

**II. Dismissal without Leave to Amend**

"Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has failed to state a claim under Section 1681 of the Fair Consumer Reporting Act or demonstrate that there is complete diversity between the parties. Plaintiff has made two efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Thus, the Court will dismiss Plaintiff's claims from this action without leave to amend.

**IT IS HEREBY ORDERED** that Plaintiff's Second Amended Complaint is **dismissed**. The Clerk of Court is directed to terminate this action.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Court Ordered Service on Defendants Margaret Keane, Synchrony Bank/Synchrony Financial, Mark Prior, Norman Miller, and Conn's Home Plus by F.B.I. or U.S. Marshalls (Doc. 4) is **denied as moot**.

Dated this 28th day of July, 2017.

Honorable G. Murray Snow
United States District Judge